JOSEPH PHELPS, Appellant, v. D. DAVIDSON, Respondent.

No. 2423; January 10, 1871.

Mechanics' Liens—Intervention.—Lienholders, Properly Made Defendants by the complaint in a suit to enforce a mechanic's lien, should not come in as interveners. But their petitions in intervention should be, on motion, allowed to stand as their answers, if containing all the allegations necessary to enable them to have their claims enforced as liens and to participate in the proceeds of the sale of the premises.

Mechanics' Liens—Ninety Days' Limitation.—In a suit to enforce a mechanic's lien, it is not the service of process upon the defendant that marks the beginning of the proceedings, but the filing of the complaint; and this filing, if within the ninety days, saves the limitation for each defendant lienholder named in it, since the court has jurisdiction of him by virtue of the filing of the complaint.

Mechanics' Liens—Limitation of Actions.—The objection that the causes of action of respective lienholders, made defendants by the complaint, for the enforcement of their liens, have been barred by the statute, can be taken only by answer or demurrer.

APPEAL from Fifth Judicial District, Tuolumne County.

E. O. Rodgers for appellant; C. Dorsey for respondent.

RHODES, C. J.—This action was brought under the mechanic's lien act of 1868: Stats. 1867–68. p. 598. The plain-

tiff made all the lienholders defendants, in accordance with the fifth subdivision of section 10. All the lienholders filed their respective petitions of intervention. On motion of the defendants, who are alleged to be the owners of the mine, the several petitions were dismissed. Thereupon the lienholders moved that their respective petitions stand as their respective answers, but the motion was denied.

The first subdivision of section 10 provides that the pleadings in an action brought under that act "shall be the same as in other cases" in the district courts; that is to say, the pleadings shall conform to the provisions of the code. The lienholders having been made defendants, and having, as such defendants, the right to present their claims for adjudication, were not authorized to change their position to that of interveners.

But their petitions should have been allowed to stand as their answers. They contain all the allegations which are necessary, in order to entitle them to have their claims enforced as liens, and to participate in the proceeds of the sale of the premises. The mere formal words, by which the pleadings are denominated petitions, and in which they claim the right to intervene as plaintiffs, may be stricken out as surplusage.

Objection is made by the defendants who own the premises that the petitions were not served upon them within ninety days after the filing of the liens, and that, therefore, the liens expired. The objection proceeds on the theory that, as the act requires an action to be commenced by a lienholder within ninety days after the filing of his lien, the action will not be deemed to be commenced by a lienholder, who is made a defendant to the action brought by another lienholder, until he has served on the party to be affected by the lien the pleading by which he asserts his claim and right to a lien. As the mechanic's lien act contains no provision regulating the proceedings in that respect, the practice, as well as the pleadings, is governed by the code.

An action is commenced when the complaint is filed and a summons is issued thereon, or is waived by the appearance, demurrer or answer of the defendants. The service of a copy of the complaint is not necessary for that purpose. Regarding the pleadings which were filed by the lienholders as stat-

ing a cause of action in their behalf, no reason is perceived why a copy of such pleadings should be served, in order that the action on their behalf should be deemed to have been commenced, that would not also apply to a complaint. So far as an argument can be drawn from the analogy between such pleadings and a complaint, it sustains the position of the lienholders. The court had already acquired jurisdiction of the defendants, and although the defendants would not be required to reply to the pleadings of the lienholders before they were served with those pleadings, yet the action was commenced by the lienholders when their pleadings were filed.

The objection that the causes of action of the respective lienholders for the enforcement of their liens were barred by the statute can only be taken by demurrer or answer.

Judgment reversed and cause remanded, with directions to permit the petitions of the lienholders to stand as their answers.

We concur: Crockett, J.; Wallace, J.; Temple, J.